UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | No. 2:11-cr-00012-JMS-CMM |
| | ) | |
| MICHAEL DOWELL, JR., | ) | -01 |
| | ) | |
| *Defendant*. | ) | |

# ORDER

Presently before the Court is the matter of final disposition on a Petition for Summons or Violation for Offender Under Supervision, [Filing No. 61], which concerns allegations that Defendant Michael Dowell, Jr. violated the conditions of his supervised release. Magistrate Judge Craig M. McKee has submitted a Report and Recommendation which recommends that Mr. Dowell be sentenced to the custody of the U.S. Bureau of Prisons for a period of twelve months, with supervised release to resume upon Mr. Dowell's release. [Filing No. 73.] Mr. Dowell has filed an Objection to the Report and Recommendation, which argues that he should be placed in a residential treatment facility, or alternatively, that he be resentenced for a period of twelve months and one day. [Filing No. 76; Filing No. 76-1.] For the reasons stated herein, the Report and Recommendation is accepted in part and rejected in part.

## I.
### BACKGROUND

On January 27, 2012, Mr. Dowell pled guilty to: (1) possession with the intent to distribute five grams or more of actual methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 851 ("Count One"); and (2) felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) ("Count Two"). [Filing No. 35.] Mr. Dowell was sentenced to a term of imprisonment

of 120 months, for each count to be served concurrently, and to supervised release for a term of eight years for Count One and three years for Count Two, to be served concurrently. [Filing No. 35.] Additionally, Mr. Dowell currently has the following felony charges pending in Marion County Superior Court, which include: (1) dealing in a narcotic drug; (2) dealing in methamphetamine; (3) possession of a narcotic drug, (4) resisting law enforcement; and (5) possession of a controlled substance. [Filing No. 73 at 4; *see also State of Indiana v. Michael Lee Dowell, Jr.,* Case No. 49D30-2008-F4-023915 (Marion Sup. Court 30).]

On May 11, 2022, the U.S. Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision, which alleged that Mr. Dowell had violated the conditions of his supervised release in four ways. [Filing No. 61.] The parties appeared before Magistrate Judge McKee for an initial hearing regarding the Petition on May 17, 2022, [Filing No. 66], and for a Final Hearing on Violation of Supervised Release on May 31, 2022, [Filing No. 71].

During the Final Hearing, the parties advised Magistrate Judge McKee that they had reached an agreement, and Mr. Dowell admitted to two of the violations contained in the Petition. [Filing No. 71 (citing Filing No. 61).] Specifically, the parties stipulated that Mr. Dowell violated the following conditions of his supervised release, as follows:

- [("Violation Number Two")]: The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.

  On May 9, 2022, a search of Mr. Dowell's home and vehicles was [conducted] by the U.S. Probation Office and local law enforcement. During the course of the search, four glass pipes with a white residue that are commonly known to be used to smoke illicit substances were recovered in Mr. Dowell's garage. Additionally, there were new and used hypodermic needles found in Mr. Dowell's bedroom and garage respectively.

- [("Violation Number Four")]: The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any

> controlled substance or any related [paraphernalia] to any controlled substances, except as prescribed by a physician.
>
> On April 28, 2022, Mr. Dowell submitted a urine sample that returned positive for amphetamines.

[Filing No. 73 at 2-3.] The parties further stipulated that the following condition be added to the conditions of supervised release: "[t]he defendant will not knowingly reside in a dwelling or occupy a motor vehicle in which any firearms are present." [Filing No. 73 at 1-2.]

During the Final Hearing, Magistrate Judge McKee found that Mr. Dowell had violated the terms of his supervised release. [Filing No. 71.] The parties stipulated that: (a) the highest grade of violation is a Grade B violation; (b) Mr. Dowell's criminal history category is IV; and (c) the "range of imprisonment applicable upon revocation of supervised release, therefore, is 12 to 18 months imprisonment." [Filing No. 73 at 3.] However, the parties disagreed regarding the appropriateness of imprisonment. [Filing No. 73 at 3.] The Government argued in favor of a sentence within the Sentencing Guidelines, whereas Mr. Dowell argued that deferral of this matter pending available inpatient substance abuse treatment was more appropriate. [Filing No. 73 at 3.]

Magistrate Judge McKee took Mr. Dowell's disposition status under advisement and remanded Mr. Dowell to the custody of the U.S. Marshal. [Filing No. 71.] Following the Final Hearing, Magistrate Judge McKee prepared a Report and Recommendation for the Court's consideration. [Filing No. 73.] Mr. Dowell subsequently filed an Objection to the Report and Recommendation. [Filing No. 76; Filing No. 76-1.] The Objection is now ripe for the Court's review.

## II.
### STANDARD OF REVIEW

Fed. R. Crim. P. 32.1(a)(1) provides that if an individual is held in custody on the basis of a violation of probation or supervised release, he or she must be given a hearing "without

unnecessary delay" before a Magistrate Judge. If the original offense is a misdemeanor for which the defendant consented to trial, judgment, and sentencing by a Magistrate Judge, the Magistrate Judge has authority to revoke probation or supervised release. 18 U.S.C. § 3401(b), (d) (probation), (h) (supervised release). In other cases, the Court may refer revocation proceedings to a Magistrate Judge, who must file proposed findings and recommendations. 18 U.S.C. § 3401(i).

Pursuant to Fed. R. Crim. P. 59(b), a party may serve and file written objections to a Magistrate Judge's report and recommendation within 14 days after being served with a copy of the recommended disposition unless otherwise stated by the Court. The Court must make a *de novo* determination of those portions of a Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). The Court may accept, reject, or modify the findings or recommendations made by a Magistrate Judge. 28 U.S.C. § 636(b). The Court may also receive further evidence or recommit the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b). But where no objections are made, the Court is not required to "review… a magistrate's factual or legal conclusions, under a *de novo* or any other standard." See *Thomas v. Arn*, 474 U.S. 140, 151 (1985).

### III.
#### DISCUSSION

In the Report and Recommendation, Magistrate Judge McKee recommends that Mr. Dowell be sentenced to the custody of the U.S. Bureau of Prisons for a period of 12 months with supervised release to resume upon release. [Filing No. 73 at 4.] Magistrate Judge McKee observed that Mr. Dowell's "substance abuse addiction has made a prominent impact on his life and remains central to this proceeding more than a decade after his original sentence." [Filing No. 73 at 4 (citing Filing No. 31).] While Magistrate Judge McKee observed that "the prospect of treatment

is worth considering with care," he ultimately recommended that "there is a collateral issue that makes [Mr. Dowell's] proposed alternative [of substance abuse treatment as opposed to incarceration] untenable."[1] [Filing No. 73 at 4.] Specifically, Magistrate Judge McKee pointed to Mr. Dowell's pending felony charges in the Marion Superior Court. [Filing No. 73 at 4.] While Magistrate Judge McKee noted that Mr. Dowell's admitted supervised release violations are related to his addiction, rather than violent misconduct, Magistrate Judge McKee reasoned that Mr. Dowell's pending charges amount to "serious unfinished business" and therefore "a sentence at the minimum recommended by the Guidelines is a just disposition of this matter." [Filing No. 73 at 4.]

Mr. Dowell filed an Objection to the Report and Recommendation in which he argued that, given his history of addiction and the nature of his violations, "a sentence modifying the conditions of supervision to require residing in a halfway house, together with additional substance abuse treatment, is more appropriate." [Filing No. 76 at 1.] Mr. Dowell noted that he was recently accepted to the Truman House, a residential treatment facility in Terre Haute, IN, and is "eager to participate in that recovery program." [Filing No. 76 at 1; Filing No. 76-1 at 1 ("I am desperate for help with my addiction").] Alternatively, Mr. Dowell objects to "the failure of the Magistrate [Judge] to recommend a sentence of 12 months plus one day, which would allow him to earn good-time credit while the sentence is served." [Filing No. 76 at 1.] Further, the addition of one day

---

[1] Magistrate Judge McKee noted that Mr. Dowell presented a letter from the Truman House that indicated that a bed was available for Mr. Dowell, but "GPS monitoring was not an acceptable condition for admission to its program." [Filing No. 73 at 4.] While the Probation Officer was able to work with Truman House to find a "work around" related to GPS monitoring, it would require housing in a facility in which a bed was not currently available. [Filing No. 73 at 4.] Magistrate Judge McKee noted that "this alternative would not have been recommended in any event given other factors, but thorough consideration should always be given to alternatives that actually address the problem, if possible." [Filing No. 73 at 4.]

5

would increase the likelihood that Mr. Dowell would serve his entire sentence at the Knox County Jail, where he could participate in the Life After Meth ("LAM") program. [Filing No. 76 at 1.]

If a defendant violates one of the conditions of supervised release, the Court may modify the conditions, terminate the supervised release before the original expiration date, or revoke supervised release and impose a term of imprisonment. 18 U.S.C. § 3583(e). While the Court is required to revoke supervised release in certain circumstances, 18 U.S.C. § 3583(g), the revocation of supervised release is ordinarily within the Court's discretion, 18 U.S.C. § 3583(e). In making this determination, the Court considers the following factors: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the sentencing range established; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a); 18 U.S.C. § 3583(e).

Based on the stipulation of the parties, the Court finds that Mr. Dowell committed Violations Numbers Two and Four as alleged by the U.S. Probation Office in its Petition. [Filing No. 61; Filing No. 71.] The Court dismisses Violation Numbers One and Three. [Filing No. 61; Filing No. 71.] The parties have agreed that the highest grade of violation is a "Grade B violation," which refers to "conduct constituting any other federal, state, or local offense punishable by a term of imprisonment exceeding one year." United States Sentencing Commission, Guidelines Manual, §7B1.1. The U.S. Sentencing Commission recommends that upon a finding of a Grade B violation, the Court shall revoke supervised release. United States Sentencing Commission, Guidelines Manual, §7B1.3; *but see* 18 U.S.C. § 3583(g). Based on the stipulations of the parties and the recommendation of the U.S. Sentencing Commission, the Court orders that Mr. Dowell's supervised release is therefore **REVOKED**.

Turning to the appropriate sentence, the Court notes that the parties previously stipulated that the applicable guideline range of imprisonment is between 12 and 18 months. [Filing No. 73 at 2.] Where the parties disagree is regarding the appropriateness of imprisonment in light of Mr. Dowell's desire to pursue substance abuse treatment. [*See* Filing No. 73; Filing No. 76.] The Court is empathetic to Mr. Dowell's struggles with addiction and commends him for his expressed desire for assistance in his recovery. Nevertheless, the Court agrees with Magistrate Judge McKee that modifying Mr. Dowell's conditions of supervision to residency at the Truman House would be inappropriate in light of Mr. Dowell's pending charges in Marion County. The relief that Mr. Dowell suggests would require that he be released from detention with only a limited capacity to monitor his compliance. Further, the record suggests that there is not currently housing available for Mr. Dowell at Truman House, which would permit GPS monitoring. [Filing No. 73 at 4.] Given the underlying allegations in Mr. Dowell's pending Marion County charges, which include resisting law enforcement via vehicle pursuit, the Court is not convinced that residency at Truman House is appropriate under the circumstances. However, the Court agrees with Mr. Dowell that his sentence should be modified to 12 months plus one day. This sentence may enable Mr. Dowell to participate in the LAM program and would permit him to earn good-time credit. The Court finds that this resolution most appropriately balances Mr. Dowell's desire to seek treatment with the other circumstances surrounding his supervised release violations.

For these reasons, the Court **SENTENCES** Mr. Dowell to the custody of the U.S. Bureau of Prisons for a period of twelve (12) months and one (1) day, with supervised release to resume subject to conditions of the Court's original sentence, [Filing No. 35], and the following condition, as agreed upon by the parties: "[t]he defendant will not knowingly reside in a dwelling or occupy a motor vehicle in which any firearms are present." [Filing No. 73 at 1-2.]

## IV.
## CONCLUSION

For the foregoing reasons, the Court hereby orders as follows:

- The Magistrate Judge's Report and Recommendation, [73], is **ACCEPTED IN PART** and **REJECTED IN PART**;

- Mr. Dowell is adjudged **GUILTY** of Violations Numbers Two and Four as alleged by the U.S. Probation Office in its Petition for Warrant or Summons for Offender under Supervision, [61];

- Violations Numbers One and Three, as alleged by the U.S. Probation Office in its Petition for Warrant or Summons for Offender under Supervision, [61], are **DISMISSED**;

- Mr. Dowell's supervised release is **REVOKED**, and Mr. Dowell is **SENTENCED** to the custody of the U.S. Bureau of Prisons for a period of **twelve (12) months and one (1) day** with supervised release, subject to the conditions described herein, to resume upon completion of his term of incarceration. The Court **recommends** that, if possible, Mr. Dowell continue to be housed at the Knox County Jail and that he be given access to recovery support services, including the Life After Meth program, where practicable.

Date: 7/15/2022

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**